IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ELIZABETH ST. GEORGE, an unmarried individual, | No. 88910-9-I |
| Plaintiff, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MARK WICKLINE, an unmarried man, | |
| Respondent, | |
| v. | |
| TED DEXTER III and STACY ANN DEXTER, husband and wife, | |
| Appellant. | |

COBURN, J. — After an arbitration decision awarded Mark Wickline damages against Ted Dexter III and Stacy Dexter, the Dexters' counsel filed a trial de novo request on their behalf. Wickline moved to strike the request for failure to comply with the filing requirements because it contained only counsel's signature. The trial court struck the request, entered judgment against the Dexters, and awarded reasonable attorney fees to Wickline. We affirm.

FACTS

The parties do not dispute that the Dexters sold property to Wickline. Nor do they dispute that Elizabeth St. George, Wickline's neighbor, prevailed on summary judgment

against Wickline in a quiet title action. Relatedly, Wickline filed a third-party claim against the Dexters and submitted the matter to mandatory arbitration by filing an initial statement of arbitrability.[1] This standard form referenced the Mandatory Arbitration Rules (MAR), the Snohomish Court Local Mandatory Arbitration Rules (SCLMAR),[2] and the statute that authorizes civil arbitration for specified actions, RCW 7.06.020. It did not reference the Superior Court Civil Arbitration Rules (SCCAR). An arbitrator[3] awarded $100,000 plus statutory costs and attorney fees to Wickline against the Dexters.

In July 2025 Ted[4] signed a letter from his counsel indicating that he would be requesting a trial de novo following the adverse arbitration award against the Dexters. The next month, his counsel subsequently filed a trial de novo request on behalf of the Dexters. Only counsel signed the request. Wickline moved to strike the Dexters' request because they had not signed it as required by statute, case law, and court rule. The trial court granted the motion, entered judgment against the Dexters reflecting the arbitration award, and awarded Wickline $5,200 in attorney fees under RCW 7.06.060(1).

The Dexters appeal.

---

[1] The Dexters did not designate the underlying complaint that led to the arbitration.

[2] In 2018 the Washington Legislature removed all mention of the word "mandatory" from the arbitration laws and replaced it with "civil" in some instances. ENGROSSED H.B. 1128, 65th Leg. Reg. Sess. (Wash. 2018). Accordingly, the Superior Court and Snohomish County arbitration rules, previously known as MAR and SCLMAR, are now known as the Superior Court Civil Arbitration Rules (SCCAR) and Snohomish County Local Superior Court Civil Arbitration Rules (SCLSCCAR), respectively.

[3] The arbitrator reduced the total award because it exceeded the $100,000 mandatory arbitration award limit.

[4] Because their surname is the same, when referring to the Dexters individually, we use their first names for clarity.

DISCUSSION

Trial de Novo

The Dexters contend that the trial court erred in striking their trial de novo request because they substantially complied with the filing requirements, and Snohomish County Arbitration Department's own forms referenced MAR and SCLMAR instead of SCCAR.

A party aggrieved by an arbitration award has the right to a trial de novo if it is timely requested and filed. RCW 7.06.050(1); SCCAR 7.1(a). To obtain a trial de novo in the superior court,

> [w]ithin twenty days after [the arbitrator files his or her decision and award with the clerk of the superior court, together with proof of service thereof on the parties], any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact. The notice <u>must be signed by the party</u>. Such trial de novo shall thereupon be held, including a right to jury, if demanded.

RCW 7.06.050(1) (emphasis added); accord SCCAR 7.1(b) ("The request for a trial de novo ... must be signed by the party."). The party's signature is mandatory. RCW 7.06.050(1). Statutory interpretation is an issue of law reviewed de novo. <u>Dep't of Ecology v. Campbell & Gwinn, L.L.C.</u>, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). We aim to "ascertain and carry out the Legislature's intent." <u>Id.</u> at 9.

The Dexters, quoting <u>Splattstoesser v. Scott</u>, 159 Wn. App. 332, 339, 246 P.3d 230 (2011), argue that they substantially complied with SCCAR 7.1, and the error "did not affect anything." The <u>Splattstoesser</u> court granted the plaintiff's trial de novo request even though the plaintiff misnamed a party in one sentence of their request. <u>Id.</u> at 338-39. <u>Splattstoesser</u> is inapposite. Moreover, that case was decided before the legislature amended RCW 7.06.050(1) to require that a trial de novo request must be signed by the

3

"aggrieved party." Hanson v. Luna-Ramirez, 19 Wn. App. 2d 459, 461-62, 496 P.3d 314 (2021) (observing that the amendment went into effect September 1, 2018).

Next, the Dexters argue that they failed to sign the trial de novo request because the Snohomish County Arbitration Department's initial statement of arbitrability standard form referenced the MARs and SCLMARs but not SCCARs. The Dexters do not assert that they relied on a trial de novo request form[5] or a resource that had an outdated version of such a form. Nor could they, as the same Snohomish County Arbitration webpage that directs users to SCCAR also provided the correct, updated SCCAR 7.1 form at the time the Dexters' request was filed.[6] *Snohomish County Superior Court Forms,* SNOHOMISH COUNTY, WASH., https://snohomishcountywa.gov/5523/Snohomish-County-Superior-Court-Forms (last visited July 16, 2026).

Regardless, even if the Dexters had relied on an outdated form, such a circumstance and arguments that they substantially complied have already been considered and rejected by every appellate court in the state, including most recently the Washington Supreme Court. Crossroads Management, LLC v. Ridgway, 2 Wn.3d 528, 540 P.3d 82 (2023); Shepler v. Terry's Truck Ctr., Inc., 25 Wn. App. 2d 67, 522 P.3d 126 (2022) (filed trial de novo request using an outdated, county-provided form that did not include space for the aggrieved party's signature (Division Three)); Butler v. Finneran, 22 Wn. App. 2d 763, 516 P.3d 395 (2022) (filed trial de novo request using Pierce County's LINX system and did not include aggrieved party's signature (Division

---

[5] The trial de novo request was a pleading with counsel's contact information at the bottom and no reference to any form.

[6] The Arbitration webpage contains a folder of forms in which the correct SCCAR 7.1 form is located. This form was last updated on April 23, 2025. The Dexters' counsel filed their trial de novo request using an outdated form on August 8, 2025.

Two)); Hanson, 19 Wn. App. 2d at 463 (filed trial de novo request and the aggrieved party failed to sign the trial de novo request (Division One)).

The plaintiff in Crossroads asked the court to adopt a narrow exception to the mandatory signature requirement to their trial de novo request because the plaintiff relied on "an outdated court form that did not provide a line for parties to personally sign the request as required under the court rules and the arbitration statute." 2 Wn.3d at 532, 539. As with statutory interpretation, the court clarified that "we interpret the arbitration rules 'as though they were drafted by the Legislature.'" Id. at 537 (quoting Nevers v. Fireside, Inc., 133 Wn.2d 804, 809, 947 P.2d 721 (1997)). Accordingly, "The plain language of both [RCW 7.06.050(1) and SCCAR 7.1(b)] establish a mandatory requirement by using 'must.'" Id. at 539 (quoting Ohio Sec. Ins. Co. v. AXIS Ins. Co., 190 Wn.2d 348, 352, 413 P.3d 1028 (2018) (the word "must" "places a mandatory duty on the subject of the clause")). Therefore, the court held that the rules demand strict compliance and denied the plaintiff's trial de novo request. Id. at 546.

The Dexters also note that they gave their attorney express consent to file the trial de novo request. The Crossroads court rejected this same argument. That court explained that the signature requirement under SCCAR 7.1 "essentially abrogates an attorney's authority as an agent to sign the request on behalf of the aggrieved party." Id. at 539.

The Dexters make no mention of Crossroads in their opening brief or their reply brief after Wickline relies on Crossroads in the response brief. Crossroads is controlling. The trial court did not err in striking the trial de novo request.

Fee Award

Next, we address the Dexters' contention that the trial court erred in awarding Wickline attorney fees because "[f]ees awarded under SCCAR 7.3 are only applicable if the trial de novo actually occurs, and here it did not."

We review the legal basis for awarding attorney fees de novo. Park Place Motors, Ltd. v. Elite Cornerstone Constr. LLC, 18 Wn. App. 2d 748, 753, 439 P.3d 136 (2021). The record supports that the trial court awarded attorney fees to Wickline under RCW 7.06.060(1), which provides that "the superior court shall assess costs and reasonable attorneys' fees against a party who appeals the award and fails to improve his or her position on the trial de novo." RCW 7.06.060(1) and SCCAR 7.3 are substantively the same. In Butler, the trial court awarded attorney fees against the party, Finneran, whose trial de novo request was stricken because the party failed to sign the request. 22 Wn. App. 2d at 765. Finneran argued that the court erred in awarding attorney fees under SCCAR 7.3 because neither party had the opportunity to improve their position. Id. at 770. The Butler court held that SCCAR 7.3 mandates a fee award regardless of whether the parties proceeded to a trial de novo. Id. The court reasoned "Although the rule does not explicitly address a situation where a request for a trial de novo is stricken on procedural grounds, Washington courts have held that former MAR 7.3 (1993), with the same language, provided for attorney fees under these circumstances." Id. at 770-71. Similarly, because the language in SCCAR 7.3 that was the basis for attorney fees in Butler is the same language in RCW 7.06.060(1), we also hold that the fee award is mandatory regardless of whether the parties proceeded to a trial de novo. To be sure, the Dexters did not improve their position, and, as the trial

court pointed out, Wickline's counsel was required to research and prepare a motion to strike the trial de novo request and review any reply.

The Dexters attempt to distinguish the instant case from other cases where attorney fees were awarded after parties started to prepare for trial when the motion to strike was granted. See Wiley v. Rehak, 101 Wn. App. 198, 2 P.3d 497 (2000), aff'd, 143 Wn.2d 339, 20 P.3d 404 (2001) and Kim v. Pham, 95 Wn. App. 439, 975 P.2d 544 (1999). The fact that counsel in those cases did more work than Wickline's counsel informs whether the amount of attorney fees awarded was reasonable, not whether attorney fees should be granted for other work performed. Wiley and Kim do not contradict Butler.

The trial court had a proper legal basis to award fees.

### Attorney Fees on Appeal

Wickline requests attorney fees on appeal under SCCAR 7.3, which states "The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo." RAP 18.1(a) grants "a party the right to recover reasonable attorney fees or expenses" if authorized by the applicable law. RAP 18.1(a). Wickline has prevailed on appeal, offers appropriate authority, and thus is entitled to reasonable fees subject to his compliance with RAP 18.1(d). We grant his request.

CONCLUSION

We affirm.

_Cohen, J._

WE CONCUR:

_Feldman, J._        _Díaz, J._